**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**SCOTT TERRY and JOHN and
BARBARA TERRY.**                                                                       **PLAINTIFFS**

v.                            **CASE NO. 4:11-CV-0070 BSM**

**B&T TRANSPORTATION INC. and
KAREN BAER**                                                                              **DEFENDANT**

**ORDER**

Scott, John, and Barbara Terry (the Terrys) move [Doc. No. 3] for a preliminary injunction against Karen Baer and B&T Transport Inc. (B&T). They also move for the appointment of a receiver for B&T. Baer and B&T object to the motions and have responded in writing. For the reasons set forth below, the motion is granted in part and denied in part.

I. BACKGROUND

Scott Terry is the son of John and Barbara Terry. The Terrys allege that in December 2004 Scott and Baer formed B&T Transport and incorporated it under the laws of Indiana, with Scott holding a fifty percent share of the corporation. Baer, on the other hand, claims that she is the sole shareholder of the corporation and has been since its creation. John and Barbara Terry also claim that they made loans totaling $100,000 to B&T from 2006 to 2008 with the understanding that Scott was a fifty percent shareholder in the corporation. Baer denies that there was ever any written agreement concerning these loans and denies that Scott ever owned fifty percent of B&T.

The Terrys filed their complaint and the instant motion after a dispute in December

2010 in which Baer refused to allow Scott to inspect the books and records of B&T and purportedly terminated his employment. The complaint asks for declaratory judgment, injunctive relief, the appointment of a receiver, and damages based on a variety of legal theories. In a motion filed on the same day as the complaint, the Terrys ask for a temporary restraining order and preliminary injunction enjoining Baer and B&T from:

> "(a) Destroying altering or manipulating any evidence, records or documents, including by not limited to the books and records or B&T, related to the business relationship between the parties
>
> "(b) Conducting business in a manner that affects the goodwill of Scott Terry with B&T's current, previous, or potential customers and others; including but not limited to customers of B&T to inform them that Scott Terry is no longer employed by B&T; and
>
> "(c) Dissipating the income and assets of B&T outside the ordinary course of business."

The Terrys also requested the appointment of a corporate receiver pursuant to Rule 65(b) of the Arkansas Rules of Civil Procedure.

## II. DISCUSSION

Whether a preliminary injunction should be issued involves consideration of (1) the threat of irreparable harm to the movant; (2) the balance of the harms between the movant and other parties to the litigation; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 115 (8th Cir. 1981).

A.    <u>Claims of John and Barbara Terry</u>

John and Barbara Terry are apparently creditors of B&T who have extended the

company loans totaling $100,000. They have not asserted a lien or equitable interest in the assets of B&T transport. Although Scott bring claims in equity for his interest in B&T transport, John and Barbara assert only a claim for breach of contract and demand an accelerated payment on their loan. Because their claims sound in law and are compensable by money damages, as creditors John and Barbara are not entitled to the preliminary injunctions they request. *Grupo Mexicano de Desarrollo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999).

B.   Likelihood of prevailing on the merits

Scott Terry has provided K-1 forms that show he owns a fifty-percent share in B&T transport. Pls. Reply Br. Ex A.  Based on these forms alone, it can be said that Scott has a chance of prevailing on the merits. Baer, on the other hand, has presented a number of documents that purportedly demonstrate she is and has been the sole owner of B&T transport. Defs. Resp. Br. Ex. 1. These documents indicate that Baer also has a chance of prevailing on the merits. At this point, it cannot be said that either party is more likely to prevail on the merits.  The evidence simply indicates that both parties have shown a possibility of success.

C.   Motion to prevent the destruction of documents

Scott Terry moves for a preliminary injunction to prevent Baer or B&T from destroying any documents or records related to the business relationship between the parties. If these documents are destroyed, it is clear that Scott will suffer irreparable harm. First, the documents may contain information required by Scott to prove his claims to ownership.

Second, if Scott is an equal owner, he would otherwise be able to access and scrutinize these documents. Destruction of documents would prevent Scott from scrutinizing company records were he to succeed on the merits. Defendants have not demonstrated any substantial harm to Baer or B&T from an injunction preventing destruction of documents.

D.      Motion to prevent B&T and Baer from affecting goodwill of Scott Terry

Scott moves for an injunction that would prevent B&T from conducting business in a manner that affects the goodwill of current, former, or future clients toward Scott. This conduct would include, but is not limited to, informing clients that Scott no longer works for B&T. This motion is denied. First Scott has shown no threat of irreparable harm. Second, there are obvious concerns with entry of an injunction that would restrict what Baer may and may not say.

E.      Motion to prevent the dissipation of B&T's assets

Because Scott may own a share in B&T and because he affirms that B&T is he livelihood, if Baer were to dissipate the assets of B&T outside the normal course of business, Scott's proprietary interest would be substantially harmed. It is not clear that Baer could compensate this loss in monetary damages because B&T has value as a going concern to Scott, both now and in the future, that is difficult to measure. Although enjoining the dissipation of assets outside the ordinary course of business may prevent B&T from undertaking some beneficial projects, the impact is likely to be minimal compared to the harm that Scott would suffer.

F.      Appointment of a receiver

The motion to appoint a receiver is denied. Baer and B&T are enjoined from dissipating the assets of B&T outside the normal course of business. This injunction should preserve Scott's interest in the business.

It is therefore ordered, pursuant to Federal Rule of Civil Procedure 65(b)(2) that defendants, are ENJOINED AND RESTRAINED as set forth below:

1. Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them, shall not destroy any documents related to the relationship between the parties.

2. Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with them shall not dissipate any of the assets of B&T outside the normal course of business.

IT IS SO ORDERED this 18th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE