**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| **SCOTT TERRY and JOHN and BARBARA TERRY** | **PLAINTIFFS** |
| v. | **CASE NO. 4:11-CV-0070 BSM** |
| **B&T TRANSPORTATION, INC. and KAREN BAER** | **DEFENDANT** |

**ORDER**

Karen Baer moves to dismiss [Doc. No. 10] plaintiffs' complaint against her for lack of personal jurisdiction. Plaintiffs object. [Doc. No. 17]. For the reasons set forth below, the motion to dismiss for lack of personal jurisdiction is DENIED.

The Arkansas long-arm statute authorizes jurisdiction over nonresident persons to the maximum extent permitted by the due process clause of the Fourteenth Amendment. Ark. Code. Ann. § 16-4-101. To satisfy the requirements of the Fourteenth Amendment, a nonresident must have sufficient minimum contacts with Arkansas such that personal jurisdiction does not offend notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The Eighth Circuit has articulated five factors to help determine the sufficiency of a nonresident defendant's contacts with Arkansas: (1) the nature and quality of the contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum; and (5) the convenience of the parties. *Burlington Industries, Inc. v. Maples Industries, Inc.*, 97 F.3d

1100, 1102 (8th Cir. 1996).

Baer is a resident of Indiana. In the brief supporting her motion, she claims to have no contacts with Arkansas. Based on this lack of contacts, she argues that she is not subject to the personal jurisdiction of a court sitting in Arkansas. Baer, however, has submitted no evidence or verifying affidavits to substantiate her claims.

Plaintiffs, on the other hand, submitted the affidavit of Scott Terry describing the business contacts he and Baer have had in Arkansas. Pl.'s Br. Ex. A. According to Scott, Baer has visited Arkansas frequently. It is was during one these visits that Scott and Baer decided to start B&T Transportation. While Scott worked at B&T, he and Baer maintained extensive business and personal contact. This contact included business meetings in Arkansas. Scott also submitted documents that show Baer engages in brokerage sales to customers in Arkansas on a regular basis. *Id.* From this evidence it appears that Baer has substantial contacts with Arkansas.

Baer tries to minimize the legal impact of her contacts with Arkansas by arguing that she has only acted in her representative capacity as an officer of B&T. According to Baer, this prevents an Arkansas court's jurisdiction from reaching her personally. To support this position she cites *Frank v. Steel, Judge*, 485 S.W.2d 737 (1972). *Frank*, however, does not support Baer's position. In that case, the Arkansas Supreme Court fell short of holding that an officer acting in her representative capacity can never be subject to personal jurisdiction in Arkansas. *Id.* Instead, the Court engaged in a detailed factual inquiry to determine the

specific personal connections of the defendant in that case to the state of Arkansas. The evidence before the Court showed that the plaintiff had never personally met with defendant in Arkansas, had never seen the defendant in Arkansas, and that the defendant had not even negotiated the disputed contract. *Id.* at 738. Under those circumstances, the Arkansas Supreme Court held that an Arkansas court had no personal jurisdiction over the defendant. *Id.*

In this case, however, Baer has met with Scott in Arkansas on multiple occasions to discuss the business of B&T. Additionally, whereas in *Frank* the defendant perfunctorily approved a contract, the relationship between Baer and Scott involved substantial personal contact and extensive dealings. Based on these facts, it appears that Baer has purposely availed herself of the privilege of conducting activities within Arkansas. *Id.* at 738.

Not only does Baer have substantial contacts with Arkansas, her contacts are closely related to this cause of action. At the heart of this case is the dispute over Scott Terry's ownership interest in B&T. According to Scott's affidavit, Baer contacted him in Arkansas on a number of occasions to discuss the business of B&T. This contact included meetings in Arkansas.

A relationship between the defendant, the forum, and the litigation is the essential foundation of personal jurisdiction. *Shaffer v. Heitner*, 443 U.S. 186, 204 (1977). That relationship exists in this case. Moreover, Arkansas has an obvious interest in providing a forum for disputes arising from business that occurs in the state.

Baer argues that Arkansas is not the most convenient forum for her, but inconvenience does not amount to a denial of due process. *McGee v. International Life Insurance Co.*, 355 U.S. 220, 224 (1957). The fact that Baer has maintained systematic and ongoing business in the state means that she has the minimum contacts required for due process. Pursuant to the Arkansas long-arm statute, which authorizes a court sitting in the state to exercise personal jurisdiction to the maximum extent allowed by the due process clause of the United States Constitution, this court has personal jurisdiction over Baer. Ark. Code. Ann. § 16-4-101. As such, the motion to dismiss for lack of personal jurisdiction [Doc. No. 10] is DENIED.

IT IS SO ORDERED this 25th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE